ASENCIO *v.* ALVAREZ.

APPEAL from the District Court of San Juan.

No. 60.—Decided February 2, 1906.

APPEAL—EVIDENCE—BILL OF EXCEPTIONS—STATEMENT OF FACTS.—In order that the Supreme Court may consider the evidence introduced at the trial it is necessary that a bill of exceptions or statement of facts be included in the transcript of the record.

ID.—DOCUMENTS WHICH CONSTITUTE A RECORD ON APPEAL.—Although according to the Act of March 12, 1903, changing the Supreme Court into a court of appeals, it may take cognizance of all the facts and proceedings as they appear in the record; the word "record" has no other signification than the definition thereof given in subdivision 2 of section 233 and in section 299 of the Code of Civil Procedure.

CONTRACTS WHICH MUST BE IN WRITING.—In accordance with section 1247 of the Civil Code, besides certain other contracts mentioned therein, all contracts involving more than $300 must be in writing.

ID.—CASES IN WHICH THE PROVISIONS OF SECTION 1247 OF THE CIVIL CODE ARE NOT APPLICABLE.—Section 1247 of the Civil Code, providing what contracts must be set out in writing, is not applicable to those cases in which the purpose of the complaint is not to require the performance of the stipulations of a contract which is pending execution, but the consequences of such execution by the parties.

The facts are stated in the opinion.

*Messrs Acuña and Méndez* for appellant.

*Mr. Coll y Cuchí* for respondent.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

Pablo Asencio brought an action in the District Court of San Juan against Belén Alvarez Torres to compel her to execute a deed of sale to a rural estate which the plaintiff had bought of Juan Asencio, the husband of the defendant and the son of the plaintiff, and paid for, and to indemnify him for loss and damage in the sum of $500, and to pay the costs.

The hearing having been had, the judge of the District Court of San Juan rendered judgment on April 25th of last year, holding that the facts and the law were in favor of the plaintiff with regard to the execution of the deed, but not

with regard to the indemnity for loss and damage; and, consequently, the defendant, Belén Alvarez Torres, was adjudged, in her own right and as the mother, with *patria potestas* over her children, Francisco Javier, Francisca Ana María, Eloísa, Juan Pablo, and Juan Cecilio Asencio y Alvarez, to execute a deed perfecting the sale made by her predecessor in interest; that is to say, by Juan Ascencio y Castro, who was the husband of the said Belén Alvarez Torres and the father of the said minor children, in favor of Pablo Asencio, of the estate whose area, situation, and boundaries are set forth in the said judgment, which was entered on April 28th of last year, the opinion signed by the judge forming a part of this judgment, and which opinion is herein transcribed for the sake of clearness.

"The complaint filed in this cause was directed against Belén Alvarez Torres, widow of Asencio, and was later amended and directed against the said Belén Alvarez Torres, in her own right and as the the mother, with *patria potestas* over her children had by her marriage with Juan Asencio.

"The plaintiff seeks the execution in his favor of a certain deed to an estate which he alleges he bought of his son, Juan Asencio, the former husband of said Belén Alvarez Torres. No document has been produced establishing the existence of a contract of purchase and sale; but the testimony of witnesses has been introduced to show that such a contract did exist, that the purchaser, who is the plaintiff, had paid the price and that the vendor had not executed a deed. The estate involved has been fully identified both by the description thereof in the amended complaint and the deed presented by the plaintiff, executed in 1888 before Notary Mauricio Guerra, by which said estate was conveyed to the said Juan Asencio.

"This is a case worthy of attention. The evidence heard has been full and complete. The first witness who testified for the plaintiff was Miguel Matos, the former owner of the estate, who appears as the vendor to Juan Asencio in the deed of 1888; and this witness affirms in a categorical manner that he had possessed the estate; that Pablo Asencio, the plaintiff, came to buy it, and that he had sold it to him; that they came to Santurce and the son of Pablo Asencio paid the money; that the son wished to have the deed executed in the name of his father, and that the father did not wish to have this

done until he had finished paying therefor, and that subsequently the son had brought him a certain sum of money from his father. Other witnesses testified that they had heard from the lips of Juan Asencio that said estate belonged to his father, the plaintiff; others that they took money from the plaintiff to his said son. And, finally, it appears that the plaintiff had been paying the taxes on said estate for more than ten years previously, and had been in possession thereof since 1888, when the deed of sale was executed by Miguel Matos in favor of Juan Asencio.

"The testimony of the plaintiff, an aged man, was given in such a natural manner, with so many details, that it appeared that he was really telling the truth in everything he said. And if we consider all the evidence introduced as a whole, both presented by the plaintiff and that presented by the defendants, the unavoidable conclusion is reached that the proper judgment in this case is to sustain the complaint.

"This man, who had been thinking of purchasing the estate ever since 1888, carried out his intention, made the payment of the price through his son, paid the latter on a number of occasions sums which it is alleged exceeded the 500 *pesos* which was the price of the estate, paid taxes for more than ten years, and possessed and had himself been living on said property for sixteen years; he has a perfect right to expect that we should exercise our authority to order that his situation be legalized, and that the deed of sale be executed by the present heirs of Juan Asencio, his son who died intestate and who left a considerable amount of property. San Juan, P. R., May 18, 1905.—Signed: Emilio del Toro, district judge."

In his opinion the trial judge says that no document whatsoever has been presented showing the existence of the contract of purchase and sale, but he considers that the existence of the contract was proven; that the purchaser, now the plaintiff, had previously paid the 500 *pesos,* the agreed price of the sale; that the proper deed had not been executed, and that the property in question had been perfectly identified.

The defendant and appellant has submitted to this Supreme Court, which is taking cognizance of the foregoing judgment on appeal, copies of the depositions of the witnesses who testified in the action, certified to by Antonio Laloma, the reporter, and he seeks to show therewith that the district

judge erred in weighing the evidence. No duly formulated bill of exceptions has been presented, and on this ground the claim of the appellant is attacked by Attorney Cayetano Coll y Cuchí on behalf of the respondent; which objection is supported by the law which prescribes what is the adequate manner of discussing in this court the evidence upon which the judgment court found its facts and to apply the law thereto.

It is impossible for an appellate court to consider the evidence as presented here. To make it worthy of such consideration and to arrive at a solution in favor of or adverse to the findings of the judge the provisions of sections 214, 216, and in a proper case, of section 218 of the Code of Civil Procedure should have been complied with. In this manner the facts would be presented with the authority which the intervention of the adverse party would give them, when this is possible, and especially with the intervention of the judge when he affirms that they are the facts which formed the basis of the opinion embodied in his judgment. Then we could say whether such facts had been properly found or not; and, consequently, whether the law had not been properly applied.

But the following argument might be made:

The law approved March 12, 1903, which established this Supreme Court as a court of appeals, provides that, in furtherance of justice, the court may take cognizance of all the facts and proceedings in the case as they appear in the record; then it can consider the evidence in the form in which it appears here.

But we must not lose sight of the fact that the English edition says "as they appear in the record," and in an appeal the word "record" has no other meaning than that given in sectons 299 and 233, subdivision 2, of the Code of Civil Procedure, which provides:

"Section 299. In an appeal from a final judgment, the appellant must furnish the court with a copy of the notice of appeal, of the

judgment roll, and of any bill of exceptions or statement in the case, upon which the appellant relies  *  *  *.

"Section 233  *  *  *.

"2. In all other cases, the pleadings, a copy of the findings of the court, or referee, all bills of exception taken and filed, and a copy of any order made on demurrer, or relating to a change of parties, and a copy of the judgment. If there are two or more defendants in the action, and any one of them has allowed judgment to pass against him in default, the summons, with proof of its service upon such defendant, must also be added to the other papers mentioned in this subdivision."

Hence, the proceedings enumerated in the two preceding sections are those which make up the record in an appeal. But the fact is that the evidence under discussion here does not form part of the record, because no bill of exceptions or statement of facts presented, acted on and decided as prescribed by law, has been filed; therefore, this evidence cannot be considered. This Supreme Court cannot discuss it and must assume that the findings of the judgment court are well taken.

This doctrine has been already announced in case number 22 of *The People of Porto Rico* v. *Juana and Pascual Borrás* (9 P. R. Reps., p. 370) and in that of *The People of Porto Rico* v. *Laborde et al.* (*Id.*, p. 403), the former from the Humacao court and the latter from Arecibo, both decided last year.

The appellant further alleges that there is an inconsistency between the prayers in the complaint and the judgment, because the former was directed against Belén Alvarez Torres as the mother with the *patria potestas* of her minor children, but the latter adjudges her to execute the deed of sale to Pablo Asencio in such capacity and also in her own right.

But the judgment roll which forms part of the record of this appeal does not show that any exception was taken with relation to the change or substitution of parties, nor does the decision rendered appear; hence it is to be assumed that the complaint was so amended and that the judge granted the

motion for permission to amend without any express objection on the part of the defendant.

There is another ground of error alleged by the appellant, which is derived from an act which definitely appears in the record. As a matter of fact, the judge states in his opinion, which forms part of the judgment, that: "No document has been produced establishing the existence of a contract of purchase and sale," and the appellant deduces as a consequence that article 1280 of the former Civil Code has been violated, in that the judgment appealed from recognized the sufficiency of the contract which served as a ground for the complaint, and did not consider it necessary that it should be in writing notwithstanding the fact that the amount involved exceeded 1,500 *pesetas.*

But the last paragraph of section 1247 of the Revised Civil Code, which is the equivalent of article 1280 of the former Code, alleged to have been violated, provides:

"All other contracts, in which the amount of the prestations of one of the two contracting parties exceeds $300, must be reduced to writing, even though it be private."

It appears from the opinion of the court below that the price paid for the estate in question was 500 *pesos,* and on the date it appears that this occurred the money in circulation was provincial silver, and said 500 *pesos,* calculated at the legal rate of exchange, would amount exactly to $300; therefore, the amount of the prestation of the contract here involved did not require the necessity of its reduction to writing. This consequence arises by deduction from the opinion of the judge.

But let us now look at matters in their real light, and, with the complaint, say that the price paid for the sale was $500, notwithstanding the time this occurred; even in such case artricle 1280, the equivalent of section 1247 of the Revised Civil Code, would not have been violated, because the purpose of the complaint was not to request the performance

of the stipulations of a contract pending execution, but the consequences of such execution by the parties, which is the doctrine announced in the opinion of the Supreme Court of Spain of January 27, 1898, construing said article 1280 alleged to have been violated in a similar case.

For the reasons stated, the judgment appealed from should be affirmed, with the costs of the appeal against the appellant.

*Affirmed.*

Chief Justice Quiñones, and Justices Hernández, Mac-Leary and Wolf concurred.